1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   WILLIE LEE BURRELL, JR.,                    CASE NO. C09-0922JLR

11                    Plaintiff,                 ORDER GRANTING
                                                 DEFENDANTS' MOTION FOR
12            v.                                 SUMMARY JUDGMENT

13   T. TIERNEY, et al.,

14                    Defendants.

15          This matter comes before the court on Defendants' motion for summary judgment

16   (Dkt. # 35).  Having reviewed the motion, as well as all submissions made in support and

17   opposition, and deeming oral argument unnecessary, the court GRANTS the motion (Dkt.

18   # 35).

19                          I.    BACKGROUND

20          In this action, Plaintiff Willie Lee Burrell, Jr., brings suit pursuant to 42 U.S.C. §

21   1983 to redress alleged violations of his rights under the United States Constitution.

22   (Compl. (Dkt. # 4) at 2.)  Defendant Seattle Housing Authority ("SHA") is a public

ORDER- 1

1    housing authority that provides rental housing and assistance to over 26,000 individuals

2    in Seattle, Washington.  (Hall Decl. (Dkt. # 36) ¶ 2.)  Defendant Dennis Hall is employed

3    by SHA as an admissions manager and Defendant T. Tierney is the executive director of

4    SHA.  (*Id.* ¶ 1; *see* Compl. at 1.)  Mr. Burrell asserts constitutional violations in

5    connection with the denial of his application for housing under the Low Income Public

6    Housing Program ("LIPH Program") administered by SHA.  (Hall Decl. ¶ 2.)  In his

7    complaint, Mr. Burrell alleges that Defendants were negligent and discriminated against

8    him by not checking the public housing backgrounds and criminal histories of all

9    applicants for housing.  (Compl. at 2.)  Mr. Burrell does not provide additional factual

10   allegations in his complaint, but the parties have, to a limited extent, fleshed out the

11   contours of their dispute in the course of briefing Defendants' motion for summary

12   judgment.

13           In 2008, Mr. Burrell submitted a pre-application to be placed on waiting lists for

14   participation in the LIPH Program.  (Hall Decl. ¶ 6 & Ex. 2.)  He was placed on the

15   waiting lists for two properties, NewHolly and Barton Place.  (*Id.* ¶ 6.)  On January 8,

16   2009, Mr. Burrell submitted an application for housing at Barton Place after being

17   notified that he could apply.  (*Id.* ¶ 7 & Ex. 3.)  SHA staff members interviewed Mr.

18   Burrell on January 20, 2009, in connection with his application.  (*Id.* ¶ 7.)  After

19   evaluating Mr. Burrell's application, SHA determined that Mr. Burrell was eligible to

20   receive housing assistance under the LIPH Program because his annual income was

21   within the program limits.  (*Id.* ¶ 8.)

22

1        Nevertheless, SHA denied Mr. Burrell's application on three grounds based on

2   SHA's suitability requirements.  SHA screens all LIPH applicants for suitability under

3   SHA Policy L10.4-1 and has adopted a screening policy "aimed at assuring that

4   applicants who are selected will be able to adhere to their responsibilities under their

5   lease and at precluding admission of applicants whose habits and practices reasonably

6   may be expected to have a detrimental effect on other residents or on the environment of

7   the LIPH project."  (*Id*. ¶ 5; *see id*. Ex. 1.)  First, SHA determined that Mr. Burrell had

8   not established a positive housing history, positive transitional housing history, or other

9   positive stable residential history in accordance with SHA Policy L10.4-1.  (*Id*. ¶ 8.)

10  Second, SHA determined that Mr. Burrell had a history of one rental collection action.

11  (*Id*.)  Third, SHA determined that Mr. Burrell had a felony criminal charge.  (*Id*.)

12       By letter dated February 2, 2009, SHA notified Mr. Burrell that it was denying his

13  application, summarized the bases for its decision, and informed Mr. Burrell that he could

14  request a hearing.  (*Id*. ¶¶ 8-9 & Ex. 4.)  Mr. Burrell requested a hearing.  (*Id*. ¶ 9 & Ex.

15  6.)  On May 12, 2009, a hearing officer held a hearing, at which Mr. Burrell was

16  represented by an attorney.  (*Id*. ¶ 11.)  By letter dated May 26, 2009, but apparently

17  postmarked May 28, 2009, the hearing officer concluded that SHA's decision to deny Mr.

18  Burrell's application was in accordance with policy and upheld the decision.  (*Id*. ¶ 12 &

19  Ex. 9; *see* Resp. (Dkt. # 37) at 40.[1])

20

21  _____

22       [1] The exhibits attached to Mr. Burrell's response are not properly authenticated.  The
    court, however, has reviewed these exhibits, some of which were also submitted by Defendants.

ORDER- 3

1    In his response, Mr. Burrell asserts that SHA discriminated against him on the

2    basis of his "race, history, national origin, religion, disability, and sex." (Resp. at 2.) Mr.

3    Burrell does not explain how each of these categories relates to SHA's denial of his

4    application. Mr. Burrell does, however, point to SHA's treatment of immigrant

5    applicants in support of his arguments. In essence, Mr. Burrell asserts that SHA exempts

6    immigrant applicants from satisfying the initial screening requirements for 12 months.

7    Mr. Burrell also argues that SHA violated its own policies because the hearing officer's

8    letter was not postmarked within 10 business days of the hearing. (*Id*. at 3.)

9                                    **II.   ANALYSIS**

10   Summary judgment is appropriate if "the pleadings, the discovery and disclosure

11   materials on file, and any affidavits show that there is no genuine issue as to any material

12   fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

13   56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los*

14   *Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of

15   showing there is no genuine issue of material fact and that he or she is entitled to prevail

16   as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her

17   burden, then the non-moving party "must make a showing sufficient to establish a

18   genuine dispute of material fact regarding the existence of the essential elements of his

19   case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477

20   F.3d at 658. The non-moving party "must present affirmative evidence to make this

21   showing." *Id*. Furthermore, as the Ninth Circuit teaches, "[b]ald assertions that genuine

22

1   issues of material fact exist are insufficient," and a mere scintilla of evidence supporting

2   a party's position will not do.  *Id.*

3       "To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must

4   demonstrate that (1) the action complained of occurred 'under color of law,' and (2) the

5   action resulted in a deprivation of a constitutional right or a federal statutory right." *Azer*

6   *v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002).  Here, the precise nature of the

7   constitutional violations allegedly committed by Defendants remains unclear.  To the

8   extent Mr. Burrell asserts that Defendants have discriminated against him on the basis of

9   "race, history, national origin, religion, disability, and sex," Mr. Burrell has presented no

10  evidence to demonstrate the existence of a genuine issue of material fact as to such a

11  claim.  Beyond the mere fact that SHA denied Mr. Burrell's application, Mr. Burrell does

12  not identify a specific incident or course of conduct that he views as unlawful

13  discrimination, nor does he otherwise point out irregularities in the application process.

14  This is insufficient to satisfy Mr. Burrell's burden on summary judgment.

15      Likewise, to the extent Mr. Burrell predicates his § 1983 claim on SHA's

16  screening policies for immigrant applicants, Mr. Burrell has submitted no admissible

17  evidence to suggest that SHA treats such applications differently in a manner that could

18  give rise to a constitutional violation.  Mr. Burrell also has not shown that issues related

19  to citizenship or immigration status had any role in SHA's denial of his application.  By

20  contrast, Defendants have presented evidence that "SHA screens all LIPH applicants for

21  suitability" under its policy.  (Hall Decl. ¶ 5; *see id.* ¶ 4.)   Defendants suggest that Mr.

22  Burrell "may have misconstrued a provision in SHA policy regarding the time allowed

1   for SHA housing applicants to provide documents regarding their immigration status,"

2   and note that "[t]he policy provision allowing applicants 12 months to provide documents

3   regarding their immigration status does not address and has no effect on whether or when

4   applicants are subject to suitability screening." (Reply (Dkt. # 39) at 2.) Without more,

5   Mr. Burrell has not satisfied his burden on summary judgment.

6           Finally, to the extent Mr. Burrell contends that the hearing officer's alleged failure

7   to postmark her letter within 10 business days of the hearing rises to the level of a

8   constitutional violation, Mr. Burrell has submitted no authority to support his argument,

9   nor shown how he suffered harm as a result. (*See* Resp. at 41 (stating that the time period

10  may be extended by the hearing office in extenuating circumstances).) This showing is

11  insufficient to satisfy Mr. Burrell's burden on summary judgment.

12          In sum, even viewing the evidence in the light most favorable to Mr. Burrell, the

13  court concludes that Mr. Burrell has not met his burden to withstand summary judgment.

14  Though mindful of Mr. Burrell's status as a pro se plaintiff, the court cannot piece

15  together a viable § 1983 claim from the limited factual allegations and materials in the

16  record, nor would it be appropriate to do so. Therefore, the court grants summary

17  judgment in favor of Defendants.

18

19

20

21

22

ORDER- 6

1

**III.    CONCLUSION**

2          In light of the foregoing, the court GRANTS Defendants' motion for summary

3  judgment (Dkt. # 35) and directs the clerk to enter judgment.

4          Dated this 30th day of August, 2010.

5

6                                              _____
                                               JAMES L. ROBART
7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7